IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FARHAD FARHAD a/ka/ MOHAMMAD
FARHAD,
            *Petitioner*,

            v.                                    1:26-cv-187-MSN-IDD

FARMVILLE DETENTION CENTER, *et al*.,
            *Respondents*.

## ORDER

Petitioner Farhad Farhad a/ka/ Mohammad Farhad ("Petitioner"), acting *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1.

Petitioner is currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued the warden of the Farmville Detention Center. He has also sued Patrick Fivver, the Washington Field Office Director of ICE Enforcement and Removal Operations ("ERO"); Kristi Noem, the DHS secretary; Todd Lyons, the acting director of ICE; and Pamela Bondi, the Attorney General (collectively, "Federal Respondents"). The Federal Respondents have opposed the Petition. ECF 7. For the reasons that follow, the Court will GRANT the Petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Bangladesh who entered the United States in 2021. ECF ECF 7-1 ¶¶ 5, 6; ECF 1 ¶ 35. On June 6, 2021, Customs and Border Protection ("CBP") agents encountered Petitioner in Calexico, California after he had crossed into the United States from

Mexico. ECF 7-1 ¶ 6. The agents determined that Petitioner was arriving in the United States without being admitted or paroled and served him with a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1)(A). *Id.* Before Petitioner could be removed, Petitioner expressed a fear of returning to his country and was referred to USCIS for a credible fear interview. *Id.* ¶ 7. While awaiting his credible fear interview, Petitioner was released on an order of recognizance issued pursuant to 8 U.S.C. § 1226. *Id.*; ECF 11-4.

That credible fear interview apparently did not occur before July 17, 2025, when Petitioner was arrested by ICE agents and placed into immigration detention. *Id.* ¶ 8; ECF 1 ¶ 38. Subsequently, an asylum officer determined that Petitioner had a credible fear of returning to Bangladesh, and Petitioner was issued a Notice to Appear charging him with inadmissibility to and removability from the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF 7-1 ¶ 9. Federal Respondents acknowledge that Petitioner was thus placed into regular removal proceedings under 8 U.S.C. § 1229a. ECF 7 at 2, 5 (citing 8 U.S.C. § 1225(b)(1)(B); 8 C.F.R. § 235.6(a)(1)(i)). On October 29, 2025, Petitioner was ordered removed to Bangladesh after an Immigration Judge ("IJ") denied all relief. ECF 7-1 ¶ 10; ECF 1 ¶ 39. Petitioner timely filed an appeal with the Board of Immigration Appeals on November 28, 2025, and that appeal remains pending. *Id.*

## II.   ANALYSIS

Petitioner asks that he be afforded a bond hearing under 8 U.S.C. § 1226(a). ECF 1. Although Petitioner initially addressed his detention as a matter of whether he was detained pursuant to 8 U.S.C. § 1226(a) or § 1225(b)(2), ECF 1, Federal Respondents have opposed the Petition on the basis that Petitioner is actually subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). ECF 7. Federal Respondents claim that this is so because Petitioner was undisputably initially placed into expedited removal proceedings under Section 1225(b)(1) and

continues to be subject to that section's mandatory detention requirement until his asylum application is fully adjudicated. ECF 7 at 6-10. The Court has already rejected this argument by Federal Respondents in *Luna Sanchez v. Bondi*, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025). The Court similarly rejects the Federal Respondents' position in this matter.

As this Court and others have addressed in the context of 8 U.S.C. § 1225(b)(2), Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *Luna Sanchez*, 2025 WL 3191922, at *4 (collecting cases). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Id*. (citing *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025)).

Because Petitioner has been present in the United States for five years and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioner seeks release from detention, Petitioner files a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(1); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record and Petitioner *pro se*, and close this civil action.

/s/

Michael S. Nachmanoff
United States District Judge

March 5, 2026
Alexandria, Virginia

4